Before we get started, I have a short announcement to make. Justice Holdridge is assigned to this case and he will not be able to be with us today for various reasons. He won't be able to be with us and he will, however, have to listen to the tapes and participate for you with Judge McDade and I in the conference. So, are we ready? I will ask the clerk to call the first case. 3-13-0406 Brian Bouton, Appellant by David Smith v. Robert and Erin Bailie, Appellees by John Urban. Good morning, Your Honors. Good morning, Counsel. For the record, my name is David Smith. May it please the Court, I represent Mr. Brian Bouton, the Appellant, in this matter before you today. By way of brief background, Your Honors, this case arises out of application of the Residential Real Property Disclosure Act, specifically whether the Act's penalty provisions apply to a disclosure form that's executed by a seller who employs the services of a relocation company. Briefly, in the trial court, a complaint was filed against the defendants for violation of the Residential Real Property Disclosure Act based on the fact that they provided a disclosure form pursuant to the sale at issue, which allegedly had some material defects in it. Ultimately, the sales contract was executed between the Appellant and Prudential Relocation. After some service issues and other issues related to that, ultimately the Appellee got into the case and filed a motion to dismiss based on Section 15-A-7 of the Act, which creates an exception to its applicability to a transfer from a relocation company to a buyer. Ultimately, the trial court granted the motion to dismiss the complaint, reasoning that the language of the Act was clear, and therefore granting the motion, although the trial court did note in its ruling that it thought it was, quote, a screwed-up statute and that it didn't make sense, but thought that that was the proper application of the statute. However, the problem is that this ruling reflects a fundamental misapplication of the Act's language, as well as its purpose and intent. The intent of the statute is to facilitate and require accurate disclosure and provide for penalties for failing to disclose, as well as providing a scheme for enforcing reliance by prospective buyers. The case law is clear that buyers are entitled to rely on this form, and the idea is that the form is created so that people can rely on it and there's simultaneously a scheme that allows that reliance, which are the penalty provisions provided for in Section 55 of the Act. And finally, the trial court's opinion reflects a fundamental misunderstanding of the function of a relocation company in these kinds of situations. Realistically, a relocation company is merely a conduit or an intermediary for the actual seller, and the language of the Act, as well as its purpose and intent, reflects that. As a result, the points I'm going to be arguing to your honors today is that, first of all, the Act's plain language requires reversal. The Act requires that the form be provided. As a result, the penalty provisions of the form have to attach. Secondly, this comports with the language, or I'm sorry, with the intent of the statute, facilitating disclosure and allowing for a penalty provision to attach to that form. And simultaneously, this requires that the actual seller, the party who's hired the relocation company for sale, is ultimately held liable. And finally, this scheme reflects the legislature's intent with dealing with these relocation companies. Ultimately, the language of the Act, as well as the exception created, reflects an intent by the legislature to ultimately, essentially, pass the ball of liability from the relocation company to the actual seller. When the legislature drafted this statute, and the language makes clear, ultimately, the legislature recognized that relocation companies don't live in the property, they don't have knowledge about the property, and it provides a scheme whereby the relocation company still needs to make sure that the actual seller provides the information. And providing the disclosure form executed by the seller is a condition precedent to exclusion of liability for the relocation company. So the idea is that the relocation company provides a form executed by the seller, which the seller has an obligation to be truthful on, and which the seller potentially can be liable for relying on that form. And so long as the relocation company provides that form, the relocation company cannot be sued under the Act, but the seller still can. Mr. Smith, do we have to find some ambiguity in the language of the statute in order to get to the underlying intent? Generally speaking, that's correct, Your Honor. If the statute itself is ambiguous, ultimately, the intent of the statute then can be considered. I would submit to Your Honor that it's ambiguous to the extent that a literal reading of the statute results in an absurd result, and ultimately creates a situation where the very evils that the legislature sought to remedy by creating this Act applies. As a result, I believe that you are allowed to look at the intent of the legislature and realize, well, this isn't really what they intended. Looking at what they intended, this mechanical reading of the statute ultimately results in a situation that simply doesn't make sense in light of the Act's language and intent. But if we were to look at just the plain language that says that this Act does not apply to transfers of this kind, it would seem that the trial court's decision was right. We would have to find that there was an ambiguity? Well, I can see your point, Your Honor. On that note, based on a mechanical reading of the language of the statute, I would submit to Your Honor that the Act specifically states that it does not apply to the transfer from the relocation company to the buyer, which means that the relocation company is not required to execute a form, which is the main obligation created under the Act. Under that transfer, the Act does not apply to that transfer. The relocation company is not required to execute a form and provide it to the buyer. However, the seller is required to execute a form and provide that to the relocation company when title transfers from the seller to the relocation company. And then pursuant to the terms of the Act, under the transfer from the relocation company to the buyer, that form executed by the seller then needs to be provided, and then that's when essentially Section 55 and those penalty provisions kick in and apply, which means that any false statements under the form executed by the seller then apply. So essentially what the language is doing is parsing out the transfers and saying that the transfer between the relocation company and the buyer does not require the relocation company to execute a separate form, but the seller still needs to execute a form, which the relocation company does need to provide pursuant to the transfer to the buyer. But the exception doesn't do that parsing. You're doing it. You're asking us to do it, but the statute doesn't do it. That's correct, Judge. Your Honor, I'm sorry. That's correct. The statute does plainly state that it does not apply to a transfer from a relocation company to a buyer. But again, Your Honor, I would submit that ultimately that mechanical reading of the statute essentially makes provision of the form a meaningless and superfluous act. Ultimately, the legislature's intent with providing this under a mechanical reading of the statute, saying that it doesn't apply and therefore the form carries no penalties, makes provision of the form a pointless act. Ultimately, it cannot be said that the legislature intended basically to allow for a shield of liability to be created simply because a relocation company has taken title and acted as a conduit. Rather, the legislature is stating that the form has to be provided, and by doing that, the legislature is saying that ultimately liability attaches to that form. And getting into that point, as Your Honors are well aware, obviously the case law is clear that if a literal reading of the statute renders an absurd result or a result that's clearly in conflict with the intent, you are entitled to and allowed to look at that intent to determine, well, what's the most reasonable reading of this section in order to apply that intent. And I would submit to Your Honors that it simply does not make sense and leads to an absurd result to say that the statute has required this form be provided, but simultaneously the legislature intended that the form have no force or effect. The only reasonable reading of the statute is that ultimately the legislature intended that the relocation company has not lived in the property, does not have knowledge of the property, and frankly requiring the relocation company to execute a form doesn't accomplish the purpose of disclosure because they don't have knowledge of any of the defects. However, the seller does. So the idea is that that form executed by the seller is given to a prospective buyer, which they can then rely on, and that reliance is enforced by the penalty provisions of Section 55, which attach to the form which is provided by the relocation company. I have another question. Yes, ma'am. This case is up here on a 304A finding. That's correct, Your Honor. What is remaining in the trial court? There are no pending issues remaining in the trial court, Your Honor. However, originally when the motion to dismiss was granted, in all candor, I discussed with opposing counsel the possibility of filing an amended complaint based on common law fraud. Ultimately, we determined to bring this up before Your Honors to determine the applicability of the Residential Real Property Disclosure Act. So you still have the ability to amend in the trial court? That's correct, Your Honor. That's correct. However, on that point, I would state, and I know that Appley argues this in his brief, that certainly it is true that this form can still be used as evidence in a common law fraud action. However, the statute and the legislature, by creating these obligations under the act, did not intend to create a scheme simply providing for additional proof that can be used in a common law fraud case. And, in fact, the statute under Section 45, I believe, specifically states that it's not intended to modify or limit any obligations that exist under existing common law. Rather, the purpose of the statute is to provide an additional basis of liability. So although we do have the ability to assert a common law fraud action, ultimately that does not comport with the legislature's intent. The legislature was specifically trying to create another layer of liability while simultaneously requiring that disclosure be provided by truthfully and accurately filling out this form. And, ultimately, this reading does comport with the basis of the act. And, again, we've addressed this already. However, ultimately, under the trial court's ruling, the form does not have any additional penalties or issues that attach with it. Ultimately, that simply does not make sense based on the very fact that the statute provides that the form be provided. And under any reasonable analysis or reading of the statute, it simply does not make sense that the legislature require that this form be provided while simultaneously saying, well, if you provide the form, you do have to provide the form. But, ultimately, the form has no force in effect, and whether the actual seller lies on the form is of no moment and doesn't matter. That reading simply does not make sense. I would point out as well that the act specifically requires that the seller execute the form. And in Section 15A7, the act specifically contemplates that the seller, the true seller, is the party hiring the relocation company and specifically provides, excuse me, that the transfers from an entity that is taken title to residential real property from a seller for purposes of assisting in relocation of the seller so long as the entity makes available to all prospective buyers a copy of the disclosure form. Seller is defined as anybody who has a beneficial or legal or equitable interest in the property. And Section 5 of the act specifically states that a seller shall not include anybody who hasn't resided on the property or who hasn't had management responsibility over the property. So, read in conjunction, essentially what the statute is saying is the statute is recognizing that the actual seller in this transaction is the party who is required to execute the residential real property disclosure form. Counsel, that's two minutes. Okay. Ultimately, however, the legislature recognized that a relocation company logistically hasn't occupied the property and is simply acting as a conduit or intermediary through which the sale occurs. Ultimately, that leads us to the conclusion that the ultimate seller here is the appellee, not prudential relocation. And the legislature is simply saying, well, we want to make sure that the seller is held liable. Even though the contract is between the relocation company and the buyer, we want to provide a scheme that the seller is still responsible because they are the true seller of the property. And just briefly, Your Honors, taking into account the practical logistics of how a relocation company works, and this was brought up in the motion to dismiss in the trial court below, essentially, again, a relocation company is a conduit or an intermediary through which the sale occurs. In the motion to dismiss alleged, and there was no dispute about this, that the relocation company essentially gave the fair market value of the property to the appellee so that they could ultimately relocate, simply took on the sale. Essentially, they act as a broker. Again, the statute recognizes that by requiring that the actual seller, who in this case is the appellee, provide the form, be truthful on the form, and ultimately is liable for any inconsistencies on the form. I would submit to Your Honors that reading the statute in the way that the trial court did encourages the evils that the legislature sought to remedy. And with that, I'll submit to opposing counsel. Thank you. May it please the Court. Morning, Justices. Mr. Smith. My name is John Urban. I'm the attorney for the appellees. It is our position in this case that the General Assembly has decided what type of transfers the Act does not apply to. And the General Assembly has chosen a number of different transfers that the Act is not applicable to, and one of those is a transfer by a relocation company. If the transfer by a relocation company somehow does not fit the purpose or intent of the statute, it is for the General Assembly to address that, to change the law. It's not for the Court to rewrite the statute and state that. The General Assembly, when they excluded these transfers, did not mean that. Transfers should apply between a relocation company to a buyer. The express language of the statute provides that transfers from a relocation company is not applicable under the Act. The Act does not apply. Therefore, there is no liability in a seller to a relocation company under the Act because the Act doesn't apply. What the statute really says is that it doesn't apply to the relocation company, to the sale by the relocation company. It doesn't say that the ultimate seller, the original seller, is not excluded from buying the property. By contrast, it requires that that disclosure be made as part of the ultimate sale, and the language in Section 55 says that anybody who makes a false disclosure is liable under the statute. Right. Section 55 states that if you make a false statement on a disclosure, you could be liable, but it's our position that the statute states that that particular transfer involving a relocation company is not covered under the Act. The Act does not apply to a transfer from a relocation company to a purchaser. So that would take out the Act from this particular situation. The fact that if the statute intended to remove any liability on the relocation company, they could have done it by simply exempting the relocation company from liability under the Act. They did not do that. What they said was this transfer is exempt. So the transfer to the new buyer, that's exempt under the Act. It's our position that requiring this form does not bring the Act back into existence. What happens is many times Acts before the General Assembly have become an Act or become law through compromise in the General Assembly, through give and take. Perhaps there were some legislators that wanted the relocation company to be liable, and others did not want that. So they had to compromise, and the language they chose was to exempt the transfer rather than exempt the relocation company from it. Do you have any legislative history on this? No, I don't. But I believe under this particular statute, this transfer does not apply under the Act. The Act does not apply to this transfer. The fact that there's a requirement that the disclosure that the seller, my clients, created to give the relocation company, the statute requires it to be given can be seen perhaps as a compromise by the General Assembly. So that although the form cannot be used under this particular Act, it still can be used in a common law action because now they're on record, they've said something in writing. So it can be used in some other action rather than under the Disclosure Act. The case law states that or provides that Disclosure Act does not create any new substantive rights. So besides this Act, you have other common law rights that you can proceed. So perhaps this is something where the General Assembly decided, well, we'll compromise and we'll require this form to be given so that the new buyers have this particular form. In case something does happen, they'll have additional evidence or proof to use in a common law action. So, you know, justices, the statute I believe should be read to provide that the Act does not apply to transfers from a relocation company to a buyer. In order for liability to attach, there'd have to be some sort of liability from the original seller to the relocation company. But that is not in this particular case. I believe the clear language of the statute is that this transfer is not covered under the Act. Despite an argument that it doesn't fit the purpose and intent, well, of the statute, an argument could be made that some of these other exceptions also do not apply to or does not help the purpose or intent of the statute. So let's rewrite that or hold that that doesn't apply. The statute of limitations in this Act provides for only one year. Perhaps that does not fit the purpose and intent of the statute. Perhaps for those instances where something only happens maybe once a year if a person buys a property and something only happens once a year to the house, for instance, spring rains and the builder of the house broke some farm drain tiles and it only happens once a year. If that's not disclosed and there's flooding, perhaps one-year statute of limitations is not enough because the new buyer doesn't have enough time after it floods in order to run to the courthouse to file an action. So stating that the one-year statute of limitations, that does not fit the purpose and intent of the statute either. You can make that argument. But the legislature, General Assembly, determined that one year was sufficient. The General Assembly has decided that transfers from a relocation company to a new buyer does not apply either. So it is our position that under the express language of the statute, the Residential Real Property Disclosure Act does not apply and that if it is counter to the specific intent or purpose of the statute, it is up to the General Assembly to address that. Thank you, Mr. Rubin. Thank you. Mr. Smith, any rebuttal? Yes, Your Honors, just briefly. I would point out that under the Act, the required form that's provided by the seller has to be given some kind of force or effect. Ultimately, the place to look for what kind of force or effect that form has is the statute itself. Section 55 is clear that any person, not just the seller, and it specifically states any person that lies on the form or doesn't comply with other obligations created by the Act, is liable for the penalties provided for in Section 55. The only reasonable reading of this is that the legislature intended to exclude liability as to the relocation company, and granted could have done a better job of doing so, otherwise we probably wouldn't be here today, but ultimately the statute is clear that it does not apply to the transfer from the relocation company so long as the form is provided. And the Act specifically states that any lies or any information that is false on the form potentially has liability as described by Section 55 of the Act. As a result, by looking at the Act, it provides the answer that we're looking for. It states that anybody who executes that form is liable, even though the terms of the Act do not specifically apply to the transfer between the relocation company and the buyer. And again, by creating this exception in 15A7, I would point out that A, it's the only exception that does still require provision of the form, and that reflects the legislature's intent in recognizing the position that relocation companies have, because again, they're simply acting as a conduit, an intermediary, or a broker, and they take title to the property so that they can take on the logistics of actually selling the property and those kinds of things while somebody is being relocated. But ultimately, the true seller is the person from whom they took the title from, and the statute is essentially creating an exception to the Act's applicability with respect to only the transfer from the relocation company to the buyer. However, the form still does have the penalties which attach to it. And ultimately, that reading is the only way that this form can have any force or effect. And with that, Your Honor, that's all. Your Honors, that's all I have. I submit this to your consideration. Thank you. Thank you, Mr. Smith. Thank you both for your time today. We will take this matter under advisement and get back to you with a written disposition within a short while. We now take a short recess for panel discussion.